UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Floyd Kimball, # 07132-017, | ) | C/A No. 2:11-847-HFF-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| Mary Mitchell, F.C.I. Edgefield, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Floyd Kimball ("Petitioner"), proceeding *pro se*, brings this action
pursuant to 28 U.S.C. § 2241 for habeas relief.[1]  Petitioner is an inmate at a Federal
Correctional Institution ("FCI") in Edgefield, South Carolina, a facility of the Federal Bureau
of Prisons ("BOP").  Petitioner seeks a reduced sentence based on the Fair Sentencing Act
of 2010, the "new law obtaining [sic] to the crack cocaine bill that was passed on 7-19-
2010."[2]  ECF No. 1 at 5.  This action should be summarily dismissed because it is clear
from the petition that the relief requested is not available pursuant to § 2241.

## *PRO SE* HABEAS REVIEW

This court is charged with screening Petitioner's habeas petition and attachments
to determine if "it plainly appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court."  Rule 4 of Rules Governing Section
2254 Cases in the United States District Courts.  *See also* Rule 1(b) of Rules Governing

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule
73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and
submit findings and recommendations to the District Court.

[2] The Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372, became  law
on August 3, 2010.

Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). This court is also required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A document filed *pro se* is to be liberally construed.). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

## BACKGROUND

Plaintiff pled guilty in the United States District Court for the Northern District of Florida ("Sentencing Court") to Conspiracy to Distribute and Possess with Intent to Distribute More than 50 grams of a Mixture and Substance Containing Cocaine Base. *United States v. Bolware, et al.*, No. 5:08-cr-00022-RS-CJK-3 (N.D.Fla. filed May 6, 2008). He was sentenced on October 1, 2008, to 120 months of imprisonment. Petitioner did not file a direct appeal of his conviction and sentence. Nor has Petitioner filed post conviction motions in the Sentencing Court, such as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, or a motion pursuant to 18 U.S.C. § 3582(c)(2) for reduction of his sentence. Petitioner now files in this Court, the district within which he is

2

incarcerated, for habeas relief under 28 U.S.C. § 2241. He requests this Court "give the crack law that passed to the Defendant, and reajust his sentence to the alotted time redaction, with new law that passed." ECF No. 1 at 9.

## DISCUSSION

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir.1997) (*en banc*)). Only if Petitioner can satisfy the savings clause of 28 U.S.C. § 2255, can he seek habeas relief under 28 U.S.C. § 2241. *See San-Miguel v. Dove*, 291 F.3d 257, 260-61 (4th Cir.2002). The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). For a § 2255 motion to be inadequate or ineffective to test the legality of a conviction, Petitioner must satisfy the test provided in *In re Jones*, 226 F.3d 328 (4th Cir.2000), which requires that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*Id.* at 333-34.

Petitioner makes no argument that § 2255 is inadequate or ineffective to test the legality of his detention and that under the savings clause of § 2255 Petitioner can now file

a motion pursuant to 28 U.S.C. § 2241. Even if he did make the argument, however, Petitioner cannot satisfy all the elements of the *In re Jones* test. Specifically, the second element of the test requires that "substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal." Petitioner contends that "based upon the change in the statue of law that passed, defendant is entitled to a reduction in sentence." ECF No. 1 at 5. Petitioner is referring to the Fair Sentencing Act of 2010, Pub.L. 111-220, 124 Stat. 2372 ("Fair Sentencing Act" or "Act"), which reduced sentencing disparities between crack and powder cocaine. Petitioner's arguments challenge the validity of his sentence, not the validity of his conviction, and "Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence." *United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir. 2008)(citing *In re Jones*, 226 F.3d at 333-34). Even if Petitioner could challenge his sentence in a § 2241 habeas action based on the crack to powder cocaine ratio, he could not prevail. The Fourth Circuit Court of Appeals has held that the Fair Sentencing Act does not apply to individuals sentenced prior to the Act's effective date of August 3, 2010. *See United States v. Evans*, No. 09-5086, 2010 WL 4745624, at * 1 n. * (4th Cir. Nov. 23, 2010) (*per curiam*); *United States v. Nelson*, No. 09-4297, 2010 WL 4676614, at * 1 (4th Cir. Nov.18, 2010) (*per curiam*); *United States v. McAllister*, No. 10-4387, 2010 WL 4561395, at * 1 n. * (4th Cir. Nov. 12, 2010) (*per curiam*); *United States v. Wilson*, No. 10-4160, 2010 WL 4561381, at *2 (4th Cir. Nov.12, 2010) (*per curiam*). Thus, Petitioner's § 2241 petition should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the § 2241 petition for a writ of habeas corpus

be dismissed *without prejudice* and without requiring the Respondent to file a return.

**Petitioner's attention is directed to the important notice on the next page**.

s/Bruce Howe Hendricks
United States Magistrate Judge

June 14, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).